# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-0123-HE |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Grover Miskovsky, a state prisoner appearing pro se, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Gary M. Purcell. Judge Purcell has recommended that defendant's Amended Motion to Dismiss/Motion for Summary Judgment be granted, based in part on Fed. R. Civ. P. 12(b)(6) and in part on Fed. R. Civ. P. 56. Plaintiff has filed an objection to the Report and Recommendation.[1]

Plaintiff's objection reasserts his argument that his § 1983 challenge to his sentence is not barred by Heck v. Humphrey, 512 U.S. 477 (1994) and alleges that Judge Purcell erred in applying standards for motions to dismiss pursuant to Rule 12(b)(6) and summary

---

[1]*Much of plaintiff's objection addresses issues raised in his proposed first and second amended complaints, neither of which is before the court. The magistrate judge has appropriately stricken plaintiff's first amended complaint for failure to follow LCvR 9.2. Plaintiff's motion for leave to file his second amended complaint is currently pending before the court. Accordingly, the following propositions in plaintiff's objection are not addressed by this order: 2, 9, 10, 11, 12, 13 (facts and law identified after complaint and amended complaint), 14 (continuing acts of retaliation), 15 (discrimination at Mack Alford), and 16 (magistrate failed to make findings of fact and law in light of first and second amended complaints). Further, while plaintiff's pleadings are construed liberally because he is proceeding pro se, "he nevertheless must follow the same rules of procedure that govern other litigants." Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992).*

judgments pursuant to Rule 56. Throughout his objection, plaintiff reemphasizes his arguments that defendant has violated his constitutional rights.

The Report and Recommendation concludes that plaintiff's challenge to the validity of his sentence—that the Oklahoma Department of Corrections ("ODOC") is to use his entire draw account to pay fines, costs, and fees until they are satisfied—is barred by the doctrine established in Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff asserts that a brief filed in his appeal of the Oklahoma County District Court's denial of his application for post-conviction relief refutes this contention. However, for purposes of the Heck doctrine, the question is not whether defendant raised the argument before but rather whether the sentence or conviction in question has been set aside in some fashion. Here, plaintiff has not presented any evidence that his sentence has been overturned or ruled invalid. Accordingly, the Report and Recommendation appropriately recommends that defendant's motion to dismiss be granted as to plaintiff's challenge to the validity of his sentence.

Likewise, for substantially the same underlying reasons as stated in the Report and Recommendation, the court concludes plaintiff has failed to raise a genuine issue of material fact precluding judgment as to his Eighth Amendment, Equal Protection, and Due Process claims.[2] At plaintiff's sentencing, the trial court ordered ODOC to collect and disburse his entire draw account. Plaintiff has not presented evidence sufficient to create a justiciable

---

[2]*At one point, the Report and Recommendation refers to plaintiff not having "shown a substantial likelihood of success on the merits" as the basis for summary judgment on the constitutional claims. Report and Recommendation, p. 17. That standard is for issuance of a preliminary injunction rather than for determination of whether summary judgment is appropriate. However, the reasoning and suggested disposition of the Report and Recommendation is otherwise consistent with the appropriate summary judgment standard.*

issue as to whether defendant's actions in following the court's order and in its treatment of plaintiff, in light of the court's order, violated plaintiff's constitutional rights.

Accordingly, after de novo review, the court **ADOPTS** the Report and Recommendation [Doc. #49]. Defendant's amended motion to dismiss/motion for summary judgment [Doc. #30] is **GRANTED** as follows.[3] Defendant's motion to dismiss plaintiff's challenge to the validity of his sentence is granted. That claim is dismissed for failure to state a claim for relief, without prejudice. Defendant's motion for summary judgment as to plaintiff's Eighth Amendment, Equal Protection, and Due Process claims is granted.

Plaintiff's pending motion for leave to file a second amended complaint [Doc. #59] is **STRICKEN**, as it is substantially related to and relies in substantial part on the claims disposed of in this order. Defendant's motion to strike [Doc. #63] and plaintiff's motions for leave to file excess pages [Doc. Nos. 67 & 69] are **STRICKEN** as **MOOT**. Plaintiff is granted leave to file an amended complaint on or before **September 1, 2009**, if he has other claims arising out of the same underlying circumstances and which are not inconsistent with the disposition of claims effected by this order.

**IT IS SO ORDERED.**

Dated this 24th day of July, 2009.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3]*Defendant's original motion to dismiss/motion for summary judgment [Doc. #18] is stricken as moot.*