IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-08-123-HE |
| v. | ) | |
| | ) | |
| JUSTIN JONES, | ) | |
| | ) | |
| Defendant. | ) | |

SUPPLEMENTAL REPORT AND RECOMMENDATION

The Judgment and Sentence entered against Plaintiff in his criminal case, <u>Oklahoma v. Miskovsky</u>, Case No. CF-99-1787, in the District Court of Oklahoma County on April 28, 2000, states, in relevant part, "[t]he Court orders that the Department of Corrections is to use the entire draw account of this defendant towards the payment of fines, costs and fees until all are satisfied." In Plaintiff's original Complaint filed in this 42 U.S.C. § 1983 action in February 2008, Plaintiff contended that the trial court's order directing the Oklahoma Department of Corrections ("ODOC") to collect and disburse Plaintiff's entire draw account toward payment of the court-ordered fines and costs, and Defendant Jones' acts of collecting and disbursing funds in Plaintiff's prison draw account to the Oklahoma County Court Clerk

as directed in the Judgment and Sentence, violated his Eighth Amendment, Due Process, and Equal Protection rights and constituted an unconstitutional sentence. Defendant Jones moved to dismiss or, alternatively, for summary judgment with respect to these claims. Pursuant to the referral of the matter to the undersigned for initial proceedings under 28 U.S.C. §636(b)(1)(B), the undersigned entered a Report and Recommendation recommending that Defendant Jones' Amended Motion to Dismiss/Motion for Summary Judgment be granted.

In the Order entered by United States District Judge Heaton on July 24, 2009, Judge Heaton granted Defendant's Amended Motion to Dismiss Plaintiff's challenge to the validity of his sentence and granted Defendant's Amended Motion for Summary Judgment as to Plaintiff's Eighth Amendment, Equal Protection, and Due Process claims. In the same Order, Judge Heaton granted Plaintiff's motion for leave to file an amended complaint but limited the proposed amended pleading to "other claims arising out of the same underlying circumstances and which are not inconsistent with the disposition of claims effected by this order." (Doc. # 72). The matter has been re-referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

Before the Court is Plaintiff's 80-page Amended Complaint filed August 31, 2009, which is accompanied by 322 pages of "exhibits."[1] (Doc. # 77). Also before the Court is

---

[1] Plaintiff, as a former attorney, should understand the procedural requirement for brevity and clarity in a complaint. His Amended Complaint is neither brief nor clearly stated. Despite Plaintiff's status as a prisoner, he is required to observe and comply with the dictates of Fed. R. Civ. P. 8(a). Any contention by Plaintiff that his obtuse meanderings in his 80-page Amended Complaint have not been fully considered would indicate that Plaintiff has failed to comply with Rule 8(a) rather than that this Court has inadequately reviewed his claims pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Defendant Jones' Motion to Dismiss/Motion for Summary Judgment regarding Plaintiff's Amended Complaint (Doc. # 79).

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss such an action at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

In his Amended Complaint, Plaintiff states that he is proceeding as the representative of two "classes" of Oklahoma prisoners who have had money in their prison draw accounts collected and disbursed by ODOC for payment of fines and costs and who have "suffered atypical punishment deliberate indifference [sic] to their indigent medical needs, and/or who continue to be denied or delayed indigent services or otherwise hindered or subjected to fraud and retaliation in their quest for access to the court to redress discrimination against them, accomplished through an accommodation, arrangement, conspiracy, retaliation or fraud ... in violation of fundamental rights under the United States Constitution and its Amendments." Amended Complaint, at 10.

Plaintiff asserts in the Amended Complaint the same claims he asserted in his original

Complaint, although some of these same allegations are couched now under a "conspiracy" theory alleging the trial judge and ODOC officials conspired "to keep Plaintiff permanently indebted to ODOC" through enforcement of the trial court's Judgment and Sentence. Plaintiff again alleges that the collection and disbursement of all of the funds in his prison draw account, as directed in the Judgment and Sentence entered by the trial court, denies him Eighth Amendment, Due Process, and Equal Protection rights. To the extent the Amended Complaint asserts the same claims previously resolved in this matter, these allegations are duplicitous of the claims previously resolved adversely to Plaintiff and should be dismissed with prejudice on the ground they are "frivolous or malicious" pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B). See Griffin v. Zavaras, 2009 WL 2022952 (10th Cir. 2009)(unpublished op.)(holding complaint that duplicates previous litigation qualifies as "frivolous or malicious")(collecting cases).

With no factual support whatsoever, Plaintiff has alleged in the Amended Complaint that the trial judge and ODOC officials have joined in a conspiracy to collect and disburse the money in Plaintiff's prison draw account to pay court-ordered fines and costs as part of an "illegal campaign of harassment against the Plaintiff ... in retaliation for his having sued" the trial judge. Amended Complaint, at 29. These allegations of a conspiracy and retaliatory conduct are "frivolous or malicious" and should be dismissed with prejudice.

Plaintiff's allegations of constitutional deprivations stemming from ODOC officials' disbursement of funds from his prison savings accounts to pay filing fees in this action are also "frivolous or malicious" and should be dismissed with prejudice. See Okla. Stat. tit. 57,

§ 549(A)(5)(funds from an inmate's savings account may be used for fees or costs in filing a federal action); Okla. Stat. tit. 57, § 566.3(A)(funds from inmate's trust account may be used for payment of court fees).

Plaintiff asserts in the Amended Complaint completely new claims unrelated to the claims presented in his original Complaint, and these new claims are brought against Defendants not named in the original Complaint. The new claims include claims of retaliatory actions and various conspiracies involving correctional officials and the trial judge. Plaintiff alleges new claims that the trial judge and ODOC officials have undertaken "retaliatory" or conspiratorial actions against him with respect to certain actions by prison officials, including (1) his December 2008 transfer to another prison, (2) a search of his cell by prison officials and the confiscation of certain canteen items, (3) the issuance of a reprimand concerning his attempt to use the ODOC co-pay system for communications with an attorney in California, (4) an alleged delay in his receipt of new eyeglasses, and (5) various notations on his requests for free postage that he was not on the indigent list. For instance, Plaintiff alleges his transfer in December 2008 to another prison was retaliation by "the named DOC Officials" for certain pleadings he filed in the instant action. Amended Complaint, at 9. He also alleges without addressing the foregoing retaliation claim that his December 2008 transfer to another prison was retaliation by the trial judge, but he does not clearly allege what conduct prompted the alleged retaliatory transfer or provide facts showing the trial judge has authority to direct an Oklahoma inmate's transfer between correctional facilities.

"Prison officials may not retaliate against or harass an inmate because of the inmate's exercise of his [constitutional rights.]" Smith v. Maschner, 899 F.2d 940, 947 (10th Cir. 1990). "This principle applies even when the action taken in retaliation would be otherwise permissible." Id. at 948. In order to demonstrate actionable retaliation, however, the plaintiff must at least provide circumstantial evidence of a "chronology of events" supporting an inference of retaliation. Id. at 949. Plaintiff's retaliation claims against the trial judge and ODOC officials are conclusory, fail to show a chronological connection supporting an inference of retaliation, and fail to state a claim upon which § 1983 relief may be granted. Therefore, these claims should be dismissed with prejudice. Likewise, his remaining claims of retaliatory conduct are not supported by sufficient facts of chronological events to create an inference of retaliation. Plaintiff relates all of the alleged conspiracies to a conclusory desire to harass him, but his conclusory claims of various conspiracies fail to provide facts sufficient to create an inference of an actual agreement among particular Defendants to deprive Plaintiff of constitutional rights. Therefore, these claims should be dismissed with prejudice.

Plaintiff alleges new claims involving denial of access to indigent services, including postage, a "co-pay" system, and legal resources, and that this denial of access is retaliation for either the filing of this action and/or the filing of other actions against the trial judge. Plaintiff's own exhibits attached to his Amended Complaint reflect that he has been determined to be indigent under ODOC policies. Amended Complaint, Ex. 3, at 6-11. His exhibits also reflect that his "co-pay" charges have consistently depleted his draw account

such that the collection and disbursement of funds from the draw account to be forwarded to the Oklahoma County District Court Clerk for payment of his fines in the criminal case effectively ended after July 2007. Amended Complaint, Ex. 30. Plaintiff's allegations of "retaliatory" actions by the state trial judge and ODOC officials with respect to his access to indigent supplies and privileges have no factual basis and should be dismissed with prejudice.

Plaintiff also alleges that ODOC officials have been deliberately indifferent to his medical needs and have denied him access to courts and legal resources. Plaintiff contends that a connection exists between these new claims and the issues raised in the original Complaint because ODOC's enforcement of the Judgment and Sentence entered in his criminal case has forced him to be indigent under ODOC policies and his indigency has caused ODOC officials to deny him legal, medical, and indigent resources. Any connection between ODOC officials' enforcement of the Judgment and Sentence and the new claims asserted in the Amended Complaint of deliberate indifference to his medical needs and denial of access to courts and legal resources is either too attenuated or is nonexistent. For instance, Plaintiff contends that he was denied use of ODOC's "co-pay" system for postage and copying costs associated with his mailing of documents to a Los Angeles law firm, which he purports to represent him in unidentified legal matters.[2] His own exhibits reflect that

---

[2]Defendant contends that Plaintiff is not indigent and that he does not qualify for *in forma pauperis* status based on his potential trustee/beneficiary status with respect to his deceased mother's estate. The undersigned declines to consider the merits of this issue at this late date, particularly in view of the recommendation herein that the action should be dismissed. However, Plaintiff is advised that, upon filing, this Supplemental Report and Recommendation is circulated among the Magistrate Judges of this Court for their review. Should Plaintiff attempt to obtain *in forma pauperis* status in this Court in the future, his obligation to prove his indigency may be based on

correctional officials merely followed ODOC policy in requiring Plaintiff to provide a copy of a representation contract before allowing Plaintiff to employ the "co-pay" system for these expenses. Amended Complaint, Ex. 11, at 1, 3. These unrelated new claims of deliberate indifference to medical needs and denial of access to courts and legal resources should be dismissed without prejudice because they do not arise out of the issues raised in the original Complaint.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Amended Complaint (Doc. # 77) be DISMISSED WITH PREJUDICE with respect to his claims against all Defendants that were previously resolved in this matter, with respect to his claims of conspiratorial or retaliatory actions by all Defendants related to the enforcement of the Judgment and Sentence in his criminal case, and with respect to his claims of constitutional deprivations against all Defendants stemming from the collection and disbursement of funds from Plaintiff's inmate savings account for the payment of court fees in this action. It is further recommended that the Amended Complaint be DISMISSED WITH PREJUDICE to the extent Plaintiff asserts in the Amended Complaint new claims of retaliatory and conspiratorial actions by the trial judge in his state criminal case and various ODOC officials and denial of access to indigent supplies and privileges. Finally, it is recommended that Plaintiff's allegations in his Amended Complaint of deliberate indifference to his medical

---

information other than that contained in his prison records and he will be required to submit an affidavit setting forth "all assets" he possesses. 28 U.S.C. § 1915(a)(1).

needs and denial of his right of access to the courts, which claims are wholly unrelated to the claims previously resolved herein and therefore not in compliance with the Court's Order entered July 24, 2009 (Doc. # 72), be DISMISSED WITHOUT PREJUDICE.

In view of this finding and recommendation, Plaintiff's application to proceed as the representative of two distinct "classes" of prisoners should be DENIED and Defendant's Motion to Dismiss or for Summary Judgment (Doc. # 79) should be DENIED as moot. Additionally, to the extent Plaintiff is alleging that Defendants are liable to him for violations of Oklahoma law, there are no remaining federal claims in this case. Under these circumstances, the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law-based claims. 28 U.S.C. § 1367(c)(3). See Smith v. City of Enid, 149 F.3d 1151, 1156 (10th Cir. 1998)(recognizing "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims"). The parties are advised of their respective right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by     October 19th    , 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The failure to timely object to this Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not

specifically addressed herein is denied.

  ENTERED this __28th__ day of __September__, 2009.

                 /s/ Gary M. Purcell
                 GARY M. PURCELL
                 UNITED STATES MAGISTRATE JUDGE