# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-0123-HE |
| | ) | |
| JUSTIN JONES, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Grover Miskovsky, a state prisoner appearing *pro se* and in forma pauperis, filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Specifically, plaintiff challenges aspects of the Judgment and Sentence entered against him in his criminal case, Oklahoma v. Miskovsky, Case No. CF-99-1787, in the District Court of Oklahoma County on April 28, 2000, which states in relevant part, "[t]he Court orders that the Department of Corrections is to use the entire draw account of this defendant towards the payment of fines, costs and fees until all are satisfied." In his original complaint, filed in February 2008, plaintiff contended that the trial court order directing the Oklahoma Department of Corrections ("DOC") to collect and disburse his entire draw account toward payment of court-ordered fines and costs, as well as the carrying out of that order by defendant Justin Jones, violated his Eighth Amendment, Due Process, and Equal Protection rights and constituted an unconstitutional sentence. Defendant Jones moved to dismiss the original Complaint or, in the alternative, for summary judgment, and the matter was referred, consistent with 28 U.S.C. § 636(b)(1)(B), to Magistrate Judge Gary Purcell. Adopting the

Magistrate Judge's Report and Recommendation, the court granted defendant's motion to dismiss/motion for summary judgment but gave plaintiff leave to file an amended complaint to the extent "he has other claims arising out of the same underlying circumstances and which are not inconsistent with the disposition of claims effected by this order." (Order, Jul. 24, 2009 [Doc. No. 72].) Plaintiff filed an Amended Complaint and defendant Jones has again filed a motion to dismiss/motion for summary judgment. The matter was re-referred to Magistrate Judge Purcell for review pursuant to § 636(b)(1)(B). The Magistrate Judge has recommended that plaintiff's claims be dismissed. Plaintiff has filed an objection[1] as well as a "Motion for Equitable Estoppel, Judicial Estoppel and/or Estoppel by Pleadings and Laches" [Doc. No. 100], which essentially restates arguments made in other submissions.

Pursuant to 28 U.S.C. § 1915A, the court must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." The court must similarly dismiss an action filed *in forma pauperis* for the same reasons pursuant to 28 U.S.C. § 1915(e)(2)(B). Certain of plaintiff's claims, as the magistrate judge recommends, should be dismissed under these provisions.

Much of plaintiff's Amended Complaint reasserts the same arguments made in his

---

[1]*Plaintiff's objection and accompanying exhibits reach nearly 400 pages. Because plaintiff is proceeding pro se, his pleadings would ordinarily be liberally construed. See Trackwell v. United States, 472 F.3d 1242, 1243 (10th Cir. 2007). However, though the distinction does not affect the result here, plaintiff is a lawyer by training and the rationale for deferential review is not present.*

original Complaint contending that the collection and disbursement of all funds in his prison draw account, as directed in the trial court's Judgment and Sentence, violates his Eighth Amendment, Due Process, and Equal Protection rights.[2] The leave granted to plaintiff to amend his complaint was specifically limited to new claims arising out of the same circumstances "which are not inconsistent with the disposition of claims effected" by the court's July 24, 2009 order [Doc. No. 72]. To the extent plaintiff asserts claims which were previously resolved by the court, those claims are frivolous or malicious within the meaning of §§ 1915A(b) and 1915(e)(2)(B) and will be dismissed.

Though plaintiff's Amended Complaint has added a conspiracy aspect to some of these allegations — contending that the trial judge and DOC officials conspired "to keep Plaintiff permanently indebted to the ODOC" — plaintiff has provided no factual support for these claims. Those claims will also be dismissed as frivolous or malicious.

Plaintiff's Amended Complaint also asserts new claims unrelated to his original complaint, which are brought against defendants not named in the original Complaint. Certain of those claims allege that DOC officials retaliated against him or harassed him in various ways for the exercise of his constitutional rights, including for the filing of this action and other actions against the state trial judge. Specifically, plaintiff claims that DOC officials have denied him indigent services, including postage, legal resources, and a "co-

---

[2]*Plaintiff's Amended Complaint purports to be on behalf of two "classes" of Oklahoma prisoners who have had money in their prison draw accounts collected and disbursed by DOC officials for payment of fines and costs. Construing plaintiff's complaint liberally, the court will view this claim as an application to proceed as the representative of these "classes."*

pay" system. Plaintiff, however, has failed to provide any evidence of retaliation by the trial judge or DOC officials and thus these claims will be dismissed.

Plaintiff also alleges that DOC officials have been deliberately indifferent to his medical needs and have denied him access to courts and legal resources. These claims, as the Magistrate Judge points out, are unrelated to the use of plaintiff's draw account, which was the basis for his original Complaint here, and thus are not in compliance with the scope of the court's July 24, 2009 order granting leave to amend. Consequently, these claims will be dismissed.

For the reasons state above, and after de novo review, the court adopts the Magistrate Judge's Supplemental Report and Recommendation [Doc. No. 80]. Plaintiff's Amended Complaint is **DISMISSED** as to all defendants. Plaintiff's claims that have been previously resolved in this matter, his claims alleging conspiratorial or retaliatory actions by defendants related to his Judgment and Sentence, and his claims of constitutional deprivations stemming from the collection and disbursement of funds from his draw account for the payment of court fees in this action are **DISMISSED WITH PREJUDICE**. Plaintiff's new claims of retaliatory and conspiratorial actions by the state trial judge and DOC officials, and his claims that he has been denied access to indigent supplies and privileges are **DISMISSED WITH PREJUDICE**. Plaintiff's claims against defendants for deliberate indifference to his medical needs and denial of his right to access to the courts are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's application to proceed as the representative of two distinct "classes" of

prisoners is **DENIED**. Defendant's motion to dismiss/motion for summary judgment [Doc. No. 79] and plaintiff's motion for estoppel or laches [Doc. No. 100] are **STRICKEN** as **MOOT**. As there are no remaining federal claims in this case, the court declines to exercise supplemental jurisdiction to the extent plaintiff alleges claims under Oklahoma law. 28 U.S.C. § 1367(c)(3). Final judgment will be entered in accordance with this order.

**IT IS SO ORDERED**.

Dated this 30th day of July, 2010.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE