IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GROVER MISKOVSKY,              )
                               )
            Plaintiff,         )
                               )
                               )    CIV-08-123-HE
v.                             )
                               )
JUSTIN JONES, et al.,          )
                               )
            Defendants.        )

SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 on February 4, 2008.[1] Pursuant to the Tenth Circuit Court of Appeals' Order entered August 30, 2011, the only remaining claims are: Plaintiff's claim that his transfer from the James Crabtree Correctional Center to the Mack Alford Correctional Center on December 4, 2008, was unconstitutional retaliation for pleadings Plaintiff filed in federal court; and Plaintiff's claim that the above-described transfer was the result of a conspiracy "to transfer [Plaintiff] to an unsuitable prison in retaliation for his filing two pleadings that allegedly angered [Defendants] Anderson [and] Rabon, and [former Defendant] Judge Gray." (Doc. # 121)(Miskovsky v. Jones, No. 10-6181 (10th Cir. Aug. 30, 2011)(unpublished order)).

---

[1] The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B).

1

Before the undersigned is Plaintiff's Motion for Temporary Injunction (Doc. # 182), which seeks a temporary restraining order ("TRO") pursuant to Fed.R.Civ.P. 65(b) without notice to the Defendants. Plaintiff is currently incarcerated at the Mack Alford Correctional Center ("MACC") located in Stringtown, Oklahoma. In his Motion, Plaintiff seeks an order of this Court to prevent a possible transfer from MACC to another correctional facility, although he has not received any written or oral notification that such a transfer is imminent.

"[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003). Moreover, the purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held," Univ. of Tex. v. Camenisch, 451 U.S. 390, 395 (1981), and, therefore, "injunctions that disrupt the status quo are disfavored and must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." Beltronics, 562 F.3d at 1070 (quotation omitted). A preliminary injunction "grant[s] intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). When the movant seeks intermediate relief beyond the claims in the complaint, the court has no authority to enter a preliminary injunction.

Plaintiff seeks a mandatory injunction directing officials not to transfer Plaintiff to another state correctional facility based solely on Plaintiff's suppositions that (1) such a transfer is possible and (2) such a transfer would be founded on retaliatory motives. Because Plaintiff has failed to show a clear and unequivocal right to a mandatory injunction, the Court

should deny the Motion.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Temporary Injunction (Doc. # 182) be DENIED. Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by ___ July 17th ___, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __27th__ day of ___June___, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE