IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

GROVER MISKOVSKY, )
)
Plaintiff, )
)
v. ) CIV-08-123-HE
)
JUSTIN JONES, et al., )
)
Defendants. )

THIRD SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis* filed this action pursuant to 42 U.S.C. § 1983 on February 4, 2008.[1] Pursuant to the Tenth Circuit Court of Appeals' Order entered August 30, 2011, the only remaining claims in this matter are: Plaintiff's claim in his Amended Complaint (Doc. # 77) that his transfer from the James Crabtree Correctional Center to the Mack Alford Correctional center on December 4, 2008, was unconstitutional retaliation for certain pleadings Plaintiff filed in federal court; and Plaintiff's claim in his Amended Complaint (Doc. # 77) that the above-described transfer was the result of a conspiracy "to transfer [Plaintiff] to an unsuitable prison in retaliation for his filing two pleadings that allegedly angered [Defendants] Anderson, Rabon, and Judge Gray."

[1]The matter was referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)

(Doc. # 121)(Miskovsky v. Jones, No. 10-6181 (10th Cir. Aug. 30, 2011)(unpublished order).[2]

On March 13, 2012, Defendant Jones stated in a document filed in this matter (Doc. # 125, at 2 n. 1) that Defendant Gray was deceased. On June 15, 2012, Defendants Anderson and Rabon also stated in a document filed in this matter (Doc. # 179, at 8) that Defendant Gray was deceased. Pursuant to Fed.R.Civ.P. 25(a), "[a] motion for substitution may be made by any party or by the decedent's successor or representative" but that "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Because no motion for substitution has been made with respect to Defendant Gray, and more than 90 days have passed following written notice of Defendant Gray's death, it is recommended that the cause of action against Defendant Gray be *sua sponte* DISMISSED with prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action against Defendant Gray be *sua sponte* DISMISSED with prejudice. The parties are advised of their respective right to file an objection to this Third Supplemental Report and Recommendation with the Clerk of this Court by ___August 20th___________, 2012, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Third Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v.

---

[2]The matter was subsequently re-referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).

Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Third Supplemental Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 30th day of July, 2012.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE