**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-0123-HE |
| | ) | |
| JUSTIN JONES, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. Judge Purcell has recommended that the claims against defendant Twyla Mason Gray be dismissed with prejudice because she is deceased and plaintiff failed to file a motion to substitute a party within 90 days of receiving notice of her death, pursuant to Fed. R. Civ. P. 25(a) [Doc. #197].

Plaintiff filed two documents [Doc. Nos. 201, 202] listing objections to many of Magistrate Judge Purcell's orders, including a brief note on the third supplemental report and recommendation at issue. Plaintiff stated only that the magistrate judge abused his discretion in dismissing the claims against Gray without allowing plaintiff leave to substitute a party in her place [Doc. #201 at 5], but provided no explanation as to why that action constituted an abuse of discretion. This brief objection, without any specificity as to its rationale or basis in law, is insufficient under the Tenth Circuit's firm waiver rule. United States v. 2121 E. 30th St., 73 F.3d 1057, 1060 (10th Cir. 1996) ("[W]e hold that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve

an issue for de novo review by the district court or for appellate review." (emphasis added)). Because plaintiff's objection was not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute," he has waived his right to review of the factual and legal issues it addressed. *Id*. at 1059-60.

Even if plaintiff's objection warranted de novo review, the court would nonetheless conclude the claims against defendant Gray should be dismissed. Rule 25(a) states that if a party dies, a motion for substitution may be made by any party. However, if such a motion is "not made within 90 days after service of a statement noting the death, the action by or against the decedent <u>must</u> be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added). It is undisputed that a motion to substitute was not made within 90 days after service of written notice of Gray's death.

The question of whether Fed.R.Civ.P. 25 mandates dismissal of all plaintiff's claims against Gray, or whether some substitution of parties should be permitted, is complicated here by the nature of her position and by the nature of plaintiff's claims against her. The rule's usual application is likely to be in circumstances where damages or other similar relief is sought against the deceased defendant. Here, so far as the court can determine, plaintiff does not purport to seek damages from Gray in her individual capacity, recognizing that her judicial position likely precludes any such relief.[1] Rather, he seeks injunctive relief in the

---

[1] *See amended complaint [Doc. #77] at 4, indicating that only prospective injunctive relief is sought against Judge Gray.*

2

form of an order prohibiting her from contacting ODOC as to him, forcing her to "disgorge all personal and privileged information, concerning plaintiff, which she has personally accumulated" about plaintiff,[2] and prohibiting her from contacting ODOC personnel for any retaliatory purpose. Given Gray's death, such requested relief is problematic even absent the application of Rule 25.

The nature of the injunctive relief sought by plaintiff is, by its nature, personal to Judge Gray. It is her personal actions which are alleged to be the basis for plaintiff's claims. He seeks to prevent <u>her</u> from contacting ODOC or otherwise retaliating against him. He seeks to require <u>her</u> to "disgorge" information she has accumulated about plaintiff.[3] This is relief that is personal to Judge Gray, not relief that would be appropriate as to someone succeeding her in her official position. *See* Spomer v. Littleton, 414 U.S. 514, 520-23 (1974) (holding, in substitution analysis, that where claims and injunctive relief sought against official capacity defendant are personal to that individual, the court, notwithstanding automatic substitution, must review the claims for mootness); Mayor of City of Phila. v. Educ. Equal. League, 415 U.S. 605, 613 (1974) (finding error in the "ordering [of] prospective injunctive relief against the new [official] in a case devoted exclusively to the personal appointment policies of his predecessor."). Given Judge Gray's death, the court cannot provide plaintiff with the relief he has requested against her. His claims against her

---

[2]Doc. #77 at 72.

[3]*The court has considerable difficulty in envisioning what an order to "disgorge" in this context would look like or how it would operate. However, it appears clear the order would be directed to Judge Gray personally, not to someone who succeeded her in an official position.*

3

are now moot and must be dismissed with prejudice. *See* Jordan v. Sosa, 654 F.3d 1012, 1027 n.16 (10th Cir. 2011) ("[M]ootness occurs either because the plaintiff is no longer exposed to harm by that particular defendant, or because the defendant can no longer comply with the remedy that may be ordered by the court." (citing Spomer, 414 U.S. at 520-21) (additional citations omitted)).

In any event, the court concludes the Magistrate Judge's conclusion — that the claims against defendant Gray should be dismissed with prejudice — is correct, whether based on the application of Rule 25 or as a matter of mootness grounded in the nature of the relief sought. The recommendation is adopted and plaintiff's claims against defendant Gray are **DISMISSED with PREJUDICE.**

**IT IS SO ORDERED**.

Dated this 12th day of December, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE