IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |  |
|---|---|---|
| GROVER MISKOVSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-08-0123-HE |
| | ) | |
| JUSTIN JONES, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b), seeking to enjoin defendants from transferring him to any other prison during his lawsuit, specifically to a facility in Granite, Oklahoma [Doc. Nos. 182, 189]. Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. Judge Purcell has recommended that the motion be denied because plaintiff failed to show a clear and unequivocal right to relief [Doc. #185]. Plaintiff filed an objection to the report and recommendation. After conducting a de novo review of the issues to which plaintiff has objected, the court agrees plaintiff's motion should be denied.

To succeed on a motion for preliminary injunction, plaintiff "must show that four factors weigh in his favor: '(1) [he] is substantially likely to succeed on the merits; (2) [he] will suffer irreparable injury if the injunction is denied; (3) [his] threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.'" Awad v. Ziriax, 670 F.3d 1111, 1125 (10th Cir. 2012)

(quoting Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC, 562 F.3d 1067, 1070 (10th Cir. 2009)). "[B]ecause a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Beltronics, 562 F.3d at 1070 (quoting Greater Yellowstone Coal. v. Flowers, 321 F.3d 1250, 1256 (10th Cir. 2003)).

The court agrees with the Magistrate Judge's conclusion that a TRO is unwarranted because plaintiff has not satisfied his burden of showing a clear and unequivocal right to a preliminary injunction. Specifically, plaintiff has not shown a significant risk that he will suffer irreparable harm if the injunction is denied, *see* Greater Yellowstone Coal., 321 F.3d at 1258, or that he is substantially likely to succeed on the merits of his lawsuit.[1]

Defendants provided a sworn affidavit by Lesia Miser, the Administrator of Classification and Population at the Oklahoma Department of Corrections, who set the criteria regarding which inmates would be transferred to the Granite facility [Doc. #195-2]. Ms. Miser attested that the policy was designed pursuant to neutral criteria, such as age, job assignment, crime committed, and days remaining under a sentence, rather than retaliatory purposes. Further, she states, as do defendants in their filing, that plaintiff was removed from the list as a transferee to the Granite facility. There is ample basis for the conclusion that no transfer is imminent and there is no non-speculative basis shown for believing such a transfer is contemplated.

---

[1] Plaintiff states only that he is likely to succeed on the merits of his case because "[t]he direct and circumstantial evidence against the Defendants is overwhelming and indisputable" [Doc. Nos. 182 at 9, 189 at 8].

For these reasons, the supplemental report and recommendation [Doc. #185] is **ADOPTED**.[2]  Plaintiff's motion for a temporary injunction [Doc. #182] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 12th day of December, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[2]*To the extent plaintiff objects to the report on the basis of the alleged bias or prejudice of the Magistrate Judge, no basis for such an assertion has been shown.  The entry of orders contrary to the preferences of a litigant does not, without more, show bias or prejudice.*