IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GROVER MISKOVSKY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-08-0123-HE |
| ) | |
| JUSTIN JONES, ET AL., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Plaintiff, a state prisoner appearing *pro se*[1] and *in forma pauperis*, brought this action pursuant to 42 U.S.C. § 1983. This court previously dismissed or granted summary judgment on all of plaintiff's claims in this action. Plaintiff appealed that decision, and the Tenth Circuit affirmed the court's disposition of all claims except plaintiff's federal claims that defendants Anderson, Rabon, and Gray retaliated against him by transferring him to a more dangerous prison and conspired to violate plaintiff's constitutional rights through that allegedly retaliatory transfer. Because the Tenth Circuit found that plaintiff stated a claim as to these two causes of action, it also reversed the court's dismissal of plaintiff's state law claims on the basis of supplemental jurisdiction, expressly refusing to foreclose a future dismissal of those same claims under 28 U.S.C. § 1367(c).

On remand, defendant Jones [Doc. #149] and defendants Anderson and Rabon[2] [Doc.

---

[1] *Because plaintiff is proceeding pro se, his pleadings would ordinarily be liberally construed. See* Trackwell v. United States, *472 F.3d 1242, 1243 (10th Cir. 2007). However, although the distinction does not affect the result here, plaintiff is a lawyer by training and the rationale for deferential review is not present.*

[2] *Judge Twyla Mason Gray has since passed away. Adopting the magistrate judge's third supplemental report and recommendation, the court previously dismissed the claims against her*

#179] have filed motions to dismiss or in the alternative motions for summary judgment on all of plaintiff's remaining claims. Plaintiff also filed a motion requesting the court to strike defendants' affidavits and impose sanctions on defendants' counsel [Doc. #206]. Defendants responded with a motion to strike plaintiff's request for sanctions [Doc. #207].

Consistent with 28 U.S.C. § 636(b)(1)(B), this matter was referred for initial proceedings to Magistrate Judge Gary M. Purcell. In his Fourth Supplemental Report and Recommendation, Judge Purcell recommends that the court deny defendant Jones' motion as moot, grant defendants Rabon and Anderson's motion, and decline to exercise supplemental jurisdiction over the remaining state law claims. He also recommends that the court deny plaintiff's motion to strike and for sanctions, and that the court therefore deny as moot defendants Anderson and Rabon's motion to strike plaintiff's request. Plaintiff filed an objection to the report and recommendation, primarily restating the arguments he made in his responses to the original motions as well as reiterating arguments about claims that are no longer at issue in this action. After conducting a *de novo* review of the issues to which plaintiff has objected, the court adopts the conclusion of the magistrate judge.

The court agrees that no federal claims remain against defendant Jones. Pursuant to the Tenth Circuit's order, the only remaining federal claims in this action are the retaliation claim based on plaintiff's prison transfer—expressly made against defendants Rabon, Anderson, and Gray—and the related conspiracy claim. Miskovsky v. Jones, 437 F. App'x

---

*with prejudice [Doc. #210]. Therefore, the conspiracy and retaliation claims based on plaintiff's prison transfer remain only against defendants Rabon and Anderson.*

707, 713-14 (10th Cir. 2011). Therefore, defendant Jones' motion to dismiss or for summary judgment will be denied as moot with respect to the remaining federal claims.

The magistrate judge also recommended that the court grant defendants Rabon and Anderson summary judgment as to plaintiff's retaliation and related conspiracy claims based on his transfer to an allegedly "more dangerous" prison. To establish government retaliation against a plaintiff for exercising his First Amendment rights, the plaintiff must prove:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

Shero v. City of Grove, 510 F.3d 1196, 1203 (10th Cir. 2007). As the Tenth Circuit recognized, plaintiff's retaliation claims are based only on two filings he made in this court on November 19, 2008. Miskovsky, 437 F. App'x at 713.[3] After *de novo* review, the court agrees with the magistrate judge's well-reasoned conclusion that plaintiff has failed to raise a disputed issue of material fact as to the required elements of his retaliation claim, and that, consequently, defendants Anderson and Rabon are entitled to judgment as a matter of law on that claim.

As the magistrate judge recognized, this disposition forecloses plaintiff's remaining conspiracy claim, which relies on the underlying retaliation claim to establish the requisite deprivation of a constitutional right. See Snell v. Tunnell, 920 F.2d 673, 701-02 (10th Cir.

---

[3]*To the extent plaintiff is attempting to change the nature of his claims at this late stage in litigation, the court will disregard those allegations.*

1990) ("[A] deprivation of a constitutional right is essential to proceed under a § 1983 conspiracy claim."). Therefore, summary judgment will also be entered for defendants on plaintiff's conspiracy claim.

The court further agrees with the magistrate judge's conclusion that plaintiff's motion to strike certain affidavits attached to the defendants' reply and to sanction Ms. Kulmacz should be denied. The motion provides no basis for excluding these affidavits or sanctioning the attorney and plaintiff's motion will accordingly be denied. As such, defendants Rabon and Anderson's motion to strike plaintiff's motion is moot. Plaintiff has since filed another motion for sanctions against defendants' attorney that is substantially identical to his previous motion for sanctions discussed herein. It is frivolous and malicious, providing no viable grounds whatsoever to sanction Ms. Kulmacz. It will be denied.

For the reasons stated, the court adopts Magistrate Judge Purcell's Fourth Supplemental Report and Recommendation [Doc. #209]. Defendant Jones' motion to dismiss or in the alternative motion for summary judgment [Doc. #149] is **DENIED as MOOT**. Defendants Rabon and Anderson's motion for summary judgment [Doc. #179] is **GRANTED** as to plaintiff's retaliation and conspiracy claims and judgment will be entered in favor of these defendants. As there are no remaining federal claims in this case, the court declines to exercise supplemental jurisdiction to the extent plaintiff alleges claims under Oklahoma law, and those claims will be **DISMISSED without PREJUDICE**. 28 U.S.C. § 1367(c)(3). Plaintiff's motion to strike affidavits in defendants' reply and to sanction defendant's attorney [Doc. #206] is **DENIED**, and defendants' motion to strike plaintiff's

4

motion [Doc. #207] is **DENIED as MOOT**.  Plaintiff's final motion for sanctions [Doc. #214] is **DENIED**.  Final judgment will be entered in accordance with this order.

**IT IS SO ORDERED**.

Dated this 5th day of March, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE